IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

HEATH CARLTON PUGH and AMANDA GAIL
PUGH, as grantees of a Fiduciary Deed from
SHERRY PUGH and HEATH CARLTON PUGH,

    Plaintiffs,
vs.

PALM HAVEN TOWERS CONDOMINIUM, INC., a
Florida non-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiffs, Health Carlton Pugh ("Heath") and Amanda Pugh ("Amanda"), as grantees of a Fiduciary Deed from Sherry Pugh ("Sherry") and Heath Carlton Pugh (collectively "plaintiffs") sues the defendant, Palm Haven Towers Condominium, Inc., a Florida non-profit corporation (hereinafter "association") for damages arising from the association's violation of the Federal Fair Housing Act, or 42 U.S.C. §3604 ("The Act") and demands a trial by jury regarding all issues so triable as follows.

### INTRODUCTION, VENUE AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages associated with the association's conduct of violating the Act and by discriminating against owner based on the owner's familial status.

2. The Court has subject matter jurisdiction arising from the violation of the act.

3. Heath and Amanda are husband and wife. Heath and Amanda have a fee simple interest in certain residential property located within the defendant association in the Southern District of Florida through the execution of a fiduciary deed. A copy of the fiduciary deed is attached hereto as **EXHIBIT "A".**

Case 0:22-cv-60824-MGC   Document 1   Entered on FLSD Docket 04/28/2022   Page 2 of 7

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

4. The property is commonly described as 1912 Monroe Street, Unit 202, Hollywood, Florida 33020 and legally described as UNIT 202 OF PALM HAVEN TOWERS CONDOMINIUM, a Condominium, according to The Declaration of Condominium recorded in OR Book 4927, Page 473, and all exhibits and amendments thereof, Public Records of Broward County, Florida.  Parcel Identification Number 5142-15-BD-0020 (hereinafter "property").

5. The fiduciary deed was executed between Heath and Sherry, as grantors, to Heath and Amanda, as grantees.  Heath is the son and sole heir of Sherry.  Sherry passed away and left a will.  The will is attached hereto as **EXHIBIT "B".**  As Sherry's husband, Gregory, had passed away prior to Sherry, the assets of the estate of Sherry Pugh were bequeathed to her son, Heath (See Item 5 of the Will).

6. Heath, as the sole heir, transferred the property from himself and his mother, deceased, to himself and Amanda, as husband and wife, as tenants in the entirety.

7. The property is located within the defendant association and is therefore governed by the governing documents within the defendant association (hereinafter "association documents").  The association documents are attached hereto as **EXHIBIT "C".**  A review of the association documents evidences the fact that the Association is not a 55 and over community and, therefore, families with children under the age of 18 are entitled to reside within the Association.

8. Venue properly lies in the Southern District of Florida because the parties are residing and/or are doing business in the Southern District of Florida and the residential property is located within The Southern District of Florida.

**SUMMARY AND BACKGROUND OF THE ACT AND GENERAL
ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. On September 13, 1988, Congress amended the Act to prohibit housing practices that discriminate through familial status. 42 U.S.C. § 3601 et. seq.  In amending the Act, Congress recognized that "families with children are refused housing despite their ability to pay for it." H.R. Re. No. 711, 100th Cong., 2nd Sess. (1988).  In addition, Congress cited a HUD survey that found 25% of all rental unit exclude children and that 50% of all rental units have policies that restrict

Case 0:22-cv-60824-MGC   Document 1   Entered on FLSD Docket 04/28/2022   Page 3 of 7

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

families with children in some way. *See* Marans, *Measuring Restrictive Rental Practices Affecting Families With Children, A National Survey,* Office of Policy, Planning and Research, HUD, (1980). The HUD Survey also revealed that almost 20% of families with children were forced to live in less desirable housing because of restrictive policies. Congress recognized these problems and sought to remedy them by amending the Fair Housing Act to make families with children a protected class.

10. The Act was amended in 1988 to prohibit housing practices that discriminate based on familial status. 42 U.S.C. §§ 3601-19. "Familial status", as relevant to this case, is defined by the Act as, in part, "one or more individuals (who have not attained the age of eighteen years) being domiciled with. . . .(1) a parent or another person having legal custody of such individual or individuals. . .. Id. at §3602(k); 24 C.F.R. §100.20.

**A.     The *per se* discriminatory language contained in the defendant association's governing documents**

11. Following the amendment of the Act in 1988, the defendant association has been discriminating against families by placing restrictive and illegal language in the association documents. The language in the association documents is in violation of the Act.

12. The restrictive and illegal language is the following:

**************

**Use Restrictions.** The use of the property of the condominium shall be in accordance with the following provisions: (a) each of the apartments shall be occupied only by a family, its servants, and guests, all of whom shall be at least fifteen (15) years of age, as a residence and for no other purpose. . ..

****************

13. The association documents are published in the Broward County public records.

**B.     The defendant association enforced the *per se* discriminatory language in the governing documents against the plaintiffs**

14. The defendant association became aware that Heath, Amanda, and their minor children were occupying the property upon the demise of Sherry. It resulted in the defendant association retaining The Kodsi Law Firm, P.A. (hereinafter "association law firm"). The

3

Case 0:22-cv-60824-MGC   Document 1   Entered on FLSD Docket 04/28/2022   Page 4 of 7

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

association law firm issued a letter to Heath and Amanda. The letter is attached hereto as **EXHIBIT "D"**.

15. The letter from the association law firm provides, in part, that Heath and Amanda would be required to be approved by the defendant association in connection with their occupancy and, further, that the defendant association would not permit Heath and Amanda from residing in the property because "*there are several children occupying the unit that are under the age of 15 years old*"[1].

**C.   The defendant association failed to comply with the governing documents through providing notice of the intent to purchase the subject property**

16. Paragraph 17 of the governing documents outlines the procedure that the defendant association is required to utilize if the defendant association disapproves of the proposed sale. It provides, in part, that the defendant association is required to provide an offer to purchase the property within 30 days after receipt of the notice.

17. At no time did either the association law firm or the defendant association comply with applicable notice.

**D.   Compliance With Conditions Precedent**

18. The plaintiffs have retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the services.

19. All conditions precedent has been met or has otherwise been waived or satisfied.

**COUNT I—VIOLATION OF 42 USCA §3604(b)**

20. Plaintiffs readopt and reincorporate the allegations contained in Paragraphs 1 through 19, inclusive, as if specifically incorporated herein.

21. Plaintiffs bring a cause of action sounding in the violation of 42 USCA §3604(b) against the defendant association.

22. Such provision provides as follows: "As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful. . ..to

---

[1] See first full paragraph in the letter attached hereto as **EXHIBIT D**

Case 0:22-cv-60824-MGC   Document 1   Entered on FLSD Docket 04/28/2022   Page 5 of 7

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of age, color, religion, sex, familial status, or national origin."

23. The defendant association violated The Act by establishing the existence of facially discriminatory rules that treat children and, thus, families with children, differently and less favorably than adult only households through the enforcement of the governing documents through the active and intentional refusal to approve the plaintiffs to reside in the property based on their familial status.

24. As a direct and proximate result of the association's violation of the act, the plaintiffs have been damaged.

## DEMAND FOR ATTORNEYS' FEES

25. Plaintiffs further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the defendant association.

**WHEREFORE,** Plaintiffs requests a judgment finding that the defendant association's conduct is a violation of the Act and further demands any further relief, including actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

## COUNT II—VIOLATION OF 42 USCA §3604(c)

26. Plaintiffs readopt and reincorporate the allegations contained in Paragraphs 1 through 19, inclusive, as if specifically incorporated herein.

27. Plaintiffs brings a cause of action sounding in the violation of 42 USCA §3604(c) against the defendant association.

28. Such provision provides as follows: "As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful. . ..to make, print or publish or cause to be made, printed, or published any notice, statement or advertisement with respect to the sale or rental of a swelling that includes any preference, limitation

Case 0:22-cv-60824-MGC   Document 1   Entered on FLSD Docket 04/28/2022   Page 6 of 7

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

or discrimination based on race, color, religion, sex, handicap, familial status or national origin or an intention to make any such preference, limitation or discrimination".

29. The defendant association engaged in a *per se* violation of the act through the publication of per se discriminatory governing documents based on familial status.

30. As a direct and proximate result of the association's violation of the act, the plaintiffs have been damaged.

## DEMAND FOR ATTORNEYS' FEES

31. Plaintiffs further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the defendant association.

**WHEREFORE,** Plaintiffs requests a judgment finding that the defendant association's conduct is a violation of 42 USCA §3604(c) and further demands any further relief, including actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

## COUNT III—VIOLATION OF 42 USCA § 3617

32. Plaintiffs readopt and reincorporate the allegations contained in Paragraphs 1 through 19, inclusive, as if specifically incorporated herein.

33. Plaintiffs bring a cause of action sounding in the violation of 42 USCA § 3617 against the defendant association.

34. Defendant association violated 42 USCA § 3617 by engaging in a systematic and continuous course of dealing designed to coerce, intimidate, threaten, or interfere with the Plaintiffs in their exercise or enjoyment of residing in the defendant association through their conduct of the creation and implementation of the *per se* discriminatory association rules.

35. As a direct and proximate result of such conduct, the plaintiffs have incurred damages.

## DEMAND FOR ATTORNEYS' FEES

36. Plaintiffs demand reasonable attorneys' fees and costs necessitated by bringing the pending action against defendant association.

*Pugh vs. Palm Haven Towers Condominium*
*Case No.:*

**WHEREFORE,** Plaintiffs requests a judgment finding that the defendant association's conduct is in violation of 42 USCA § 3617 and further demands any further relief, including actual and punitive damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

Dated this the 28th day of April, 2022.

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. Federal Highway, Suite 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

-and-

OMID JOHN, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 205-4247
esq@omidjohn.com

By:  /s/ *Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790
Omid J. Esmailzadegan, Esq.
Fla. Bar No.: 1004142